## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENTSPLY SIRONA INC.,<br><br>          Plaintiff,<br><br>   v.<br><br>EDGE ENDO, LLC,<br><br>          Defendant. | Civil Action No. 1:23-cv-972<br>JURY DEMAND |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff, Dentsply Sirona Inc. ("Plaintiff" or "Dentsply Sirona"), for its Complaint against Defendant Edge Endo, LLC ("Defendant" or "Edge Endo"), states as follows:

## NATURE OF ACTION

1.      This is an action arising under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*., for infringement by Edge Endo of Dentsply Sirona's trademarks PROTAPER, PROULTRA, WAVEONE, PROTAPER NEXT, PROTAPER GOLD, WAVEONE GOLD, and PROTAPER ULTIMATE ("DS Trademarks").

2.      As discussed in greater detail below, Dentsply Sirona,[1] through its various wholly-owned subsidiaries, including Tulsa Dental Products LLC and Dentsply North America LLC, has been selling endodontic files using PROTAPER and PROULTRA since 2001, WAVEONE since 2011, PROTAPER NEXT since 2013, PROTAPER GOLD since 2014, WAVEONE GOLD since 2015, and PROTAPER ULTIMATE since 2021. Over these years, Dentsply Sirona has advertised and sold its products using these trademarks, establishing them as

---

[1] Dentsply Sirona was previously known as Dentsply International Inc.

clear source identifiers that consumers recognize and associate with Dentsply Sirona. Dentsply Sirona has developed tremendous goodwill in these trademarks.

3.      Edge Endo is a direct competitor of Dentsply Sirona in the endodontic product space. Edge Endo often imitates Dentsply Sirona's endodontic products and makes and markets those imitation products at substantially lower prices as "compatible" or "comparable" with Dentsply Sirona products. Edge Endo promotes its imitation products as being replacements or "alternatives" for Dentsply Sirona's products and markets them as "half the cost."

4.      Edge Endo has repeatedly gone even further and incorporated Dentsply Sirona's trademarks into its product names. Indeed, on two prior occasions, Dentsply Sirona has been forced to file trademark litigation to stop Edge Endo's trademark infringement. On both occasions, Edge Endo agreed not to proceed with its planned product names. Unfortunately, though, its behavior continues and Edge Endo has again crossed the line and is using Dentsply Sirona's trademarks in its product names.

5.      Edge Endo has just begun advertising directly competitive products using names that incorporate Dentsply Sirona's trademarks. It claims that these products are to be launched imminently with advertisements stating "Coming June 2023" and upon information and belief, Edge Endo will advertise these products at the Chicago Dental Society Midwinter Meeting that will run February 23-25, 2023. *See* Exs. 1 & 7.

6.      Edge Endo's marketing demonstrates that it plans to introduce products used for an identical purpose, to compete with Dentsply Sirona's products, and will do so using product names that are nearly identical to Dentsply Sirona's trademarks, with the only difference being the addition of a portion of Edge Endo's name in front of Dentsply Sirona's mark.

7.    The product names add the term "Edge" to Dentsply Sirona's trademarks (or evident amalgamations of Dentsply Sirona's trademarks) in an apparent attempt to create confusion between the products and the source of the products.

8.    This confusing use of the DS Trademarks is shown side by side in the table below with emphasis added to the copied portions. In addition, Edge Endo has incorporated "Ultra" from Dentsply Sirona's Pro**Ultra** trademark into every one of these products as its new line is the "Edge **Ultra**" line:



| DS Trademarks | Edge Endo Infringing Name |
|---|---|
| Pro**Ultra** Pro**Taper Gold** | Edge**Taper Gold Ultra** |
| Pro**Ultra** ProTaper **Next** ProTaper **Gold** | Edge**Next Gold Ultra** |
| Pro**Ultra** Wave**One Gold** | Edge**One Gold Ultra** Edge**One** MI **Gold Ultra** |
| Pro**Ultra** ProTaper **Ultimate** | Edge**Ultimate Ultra** |

9.    Edge Endo's misappropriation of Dentsply Sirona's Trademarks, including the use of the terms "**Ultra**" "**One**" "**Next**" "**Gold**" or "**Ultimate**" is an evident attempt to create confusion with the DS Trademarks.

10.    Edge Endo's actions, unless enjoined, will result in a likelihood of confusion in the market and irreparable harm to Dentsply Sirona.

**PARTIES**

11.    Dentsply Sirona is a corporation organized and existing under the laws of the state of Delaware, having a place of business at 221 West Philadelphia Street, York, PA 17405 and global headquarters at 13320-B Ballantyne Corporate Pl., Charlotte, NC 28277.

12.     Dentsply Sirona is a publicly traded, well-known leading manufacturer and distributor of dental and other consumable products in the healthcare product industry in the United States and abroad. Dentsply Sirona's broad global product platform helps dental professionals serve patients' oral health care for a lifetime, from preventative services to tooth replacement. Dentsply Sirona's oral health products range from general dental consumables and laboratory products to products supporting the dental specialty markets of orthodontics, endodontics and implants.

13.     On information and belief, Edge Endo is a limited liability company organized and existing under the laws of the State of New Mexico, having a place of business at 5600 Wyoming Blvd. NE, Suite 100, Albuquerque, NM 87109.

## JURISDICTION AND VENUE

14.     This action arises under the trademark laws of the United States, Title 15 of the United States Code. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367(a).

15.     Venue is proper in the district under 28 U.S.C. §§ 1391(b) and (c).

16.     On information and belief, Edge Endo is subject to personal jurisdiction in this district by virtue of its presence in this State, having conducted business in this State, having availed itself of the rights and benefits of Illinois law such that it should reasonably anticipate being hailed into court in this judicial district, having engaged in systematic and continuous contacts with the State of Illinois, and in particular within this judicial district, and from the receipt of substantial revenue from activities conducted in this state and in this judicial district. Further, Edge Endo has committed acts of infringement directly targeting this judicial district.

## DENTSPLY SIRONA PRODUCTS AND TRADEMARKS

17.     Dentsply Sirona is a well-known leading manufacturer and distributor of dental and other consumable products in the healthcare product industry in the United States and abroad.

18.     Dentsply Sirona conducts its business in the United States of America, as well as in over 120 foreign countries.

19.     One of the many dental fields in which Dentsply Sirona manufactures and sells products is the field of endodontics. Endodontics is the dental specialty concerned with the study and treatment of the dental pulp. Root canal therapy is one of the most common procedures in the field of endodontics.

20.     Endodontic files are surgical instruments used by dentists when performing root canal treatment. Files are particularly used to clean and shape the root canal, and are commonly made from metal.

21.     Dentsply Sirona is a pioneer in the development of endodontic files and the techniques embodied in goods sold under the DS Trademarks. It has built its reputation in this field developing and introducing generations of cutting-edge endodontic files.

22.     Dentsply Sirona owns common law trademark rights in each of the DS Trademarks by virtue of its extensive exclusive promotion and use of the marks, as described in more detail below, which has resulted in the consuming public recognizing the DS Trademarks as source identifiers and associating the DS Trademarks with Dentsply Sirona. Further, Dentsply Sirona owns several United States and International trademark registrations for the DS Trademarks, as described below.

23.     **PROTAPER**: Dentsply Sirona developed and began selling endodontic products under the trademark ProTaper at least as early as April 2001. Dentsply Sirona owns U.S.

Trademark Registration No. 2,664,044 for the mark PROTAPER for use in connection with "Dental instruments and apparatus, namely files for use in the endodontic field." This registration issued on December 17, 2002, is valid and subsisting, and has achieved incontestable status. A true and correct copy of a printout from the electronic records at the United Patent and Trademark Office showing Dentsply Sirona's ownership of Registration No. 2,664,044 is attached as Exhibit 2. Products bearing the PROTAPER trademark have been commercialized all over the world, garnering Dentsply Sirona hundreds of millions of dollars in sales. This brand has been critical to Dentsply Sirona's endodontics business and is among the most recognized and used endodontic products on the market.

24. **PROULTRA**: Dentsply Sirona developed and began selling endodontic products under the trademark ProUltra at least as early as June 2001. Dentsply Sirona owns U.S. Trademark Registration No. 2,582,462 for the mark PROULTRA for use in connection with "Endodontic instruments, namely, tips for surgical and non-surgical uses of ultrasonics in endodontic procedures." This registration issued on June 18, 2002, is valid and subsisting, and has achieved incontestable status. A true and correct copy of a printout from the electronic records at the United Patent and Trademark Office showing Dentsply Sirona's ownership of Registration No. 2,582,462 is attached as Exhibit 3. Like PROTAPER, products bearing the PROULTRA trademark have been commercialized all over the world, garnering Dentsply Sirona hundreds of millions of dollars in sales. This brand has been critical to Dentsply Sirona's endodontics business and is among the most recognized and used endodontic products on the market.

25. **WAVEONE**: Dentsply Sirona developed and began selling endodontic products under the trademark WaveOne at least as early as June 2011. Dentsply Sirona owns U.S.

Trademark Registration No. 4,064,570 for the mark WAVEONE for use in connection with "Endodontic apparatus." This registration issued on November 29, 2011, is valid and subsisting, and has achieved incontestable status. A true and correct copy of a printout from the electronic records at the United Patent and Trademark Office showing Dentsply Sirona's ownership of Registration No. 4,064,570 is attached as Exhibit 4. Like PROTAPER and PROULTRA, products bearing the WAVEONE trademark have been commercialized all over the world, garnering Dentsply Sirona hundreds of millions of dollars in sales. This brand has also been critical to Dentsply Sirona's endodontics business and is among the most recognized and used endodontic products on the market.

26.     **PROTAPER NEXT**: Dentsply Sirona developed and began selling endodontic products under the trademark ProTaper Next at least as early as January 2013. Dentsply Sirona owns U.S. Trademark Registration No. 4,393,907 for the mark PROTAPER NEXT for use in connection with "Dental instruments, namely, files for use in the endodontic field." This registration issued on August 27, 2013, is valid and subsisting, and has achieved incontestable status. A true and correct copy of a printout from the electronic records at the United Patent and Trademark Office showing Dentsply Sirona's ownership of Registration No. 4,393,907 is attached as Exhibit 5.

27.     **PROTAPER GOLD**: Dentsply Sirona developed and began selling endodontic products under the trademark ProTaper Gold at least as early as March 2014. Dentsply Sirona owns U.S. Trademark Registration No. 4,539,835 for the mark PROTAPER GOLD for use in connection with "Dental instruments, namely, dental root files used in root canal therapy procedures." This registration issued on May 27, 2014, is valid and subsisting, and has achieved incontestable status. A true and correct copy of a printout from the electronic records at the

United Patent and Trademark Office showing Dentsply Sirona's ownership of Registration No. 4,539,835 is attached as Exhibit 6.

28.     Pursuant to 15 U.S.C. § 1115, these U.S. trademark registrations serve as prima facie evidence of the validity and registration of the registered marks, of Dentsply Sirona's ownership of the registered marks, and of Dentsply Sirona's exclusive right to use the registered marks in commerce on or in connection with the goods identified in the registration.

29.     **WAVEONE GOLD**: Dentsply Sirona developed and began selling endodontic products under the trademark WaveOne Gold at least as early as July 2015. Since then, Dentsply Sirona has continuously sold and advertised a family of endodontic products using the name WaveOne Gold, including gliders, files, obturators and paper points. This family of products marketed and sold in connection with the WaveOne Gold trademark has been very successful. Dentsply Sirona has spent millions of dollars in promoting these products and made over $200 million in sales of products bearing the WaveOne Gold trademark since their introduction in 2015. These sales and marketing efforts have established WaveOne Gold as a source identifier that consumers recognize and associate with Dentsply Sirona. Indeed, Dentsply Sirona has developed tremendous goodwill in the WAVEONE GOLD trademark.

30.     **PROTAPER ULTIMATE**: Dentsply Sirona developed and began selling endodontic products under the trademark ProTaper Ultimate at least as early as September 2021. Since then, Dentsply Sirona has continuously sold and advertised a family of endodontic file products using the name ProTaper Ultimate, including sliders, shapers, and finishers. This family of products marketed and sold in connection with the ProTaper Ultimate trademark has also been very successful. Dentsply Sirona spends millions of dollars in promoting its endodontic products each year and in under two years since products bearing the PROTAPER ULTIMATE trademark

launched, it has made over $3 million in sales of products bearing the trademark. In a relatively short period of time, these sales and marketing efforts have established ProTaper Ultimate as a source identifier that consumers recognize and associate with Dentsply Sirona. Indeed, Dentsply Sirona has developed tremendous goodwill in the PROTAPER ULTIMATE trademark.

31.     Dentsply Sirona engages in extensive marketing and promotional efforts for its products and associated trademarks. This includes a large team of over 100 sales associates who promote the products, including by visiting with doctors to educate them about the Dentsply Sirona products. It also includes extensive advertising and clinical education programs. In 2022 alone, Dentsply Sirona held over 150 clinician education workshops and sessions surrounding endodontic procedures and the use of its products. In total, Dentsply Sirona spends approximate $15 million per year promoting its endodontic products and associated trademarks.

32.     As a result, members of the public associate the DS Trademarks with Dentsply Sirona and Dentsply Sirona has developed tremendous goodwill in these marks, which are valuable assets of Dentsply Sirona.

## EDGE ENDO'S CONDUCT

33.     Edge Endo is a manufacturer of endodontic equipment such as files and is a direct competitor of Dentsply Sirona.

### A.     Edge Endo Has a History of Copying Dentsply Sirona's Products

34.     Edge Endo is a direct competitor of Dentsply Sirona in the endodontic product space. Edge Endo often imitates Dentsply Sirona's endodontic products and makes and markets those imitation products at substantially lower prices as "compatible" or "comparable" with Dentsply Sirona products. Edge Endo promotes its imitation products as being replacements or "alternatives" for Dentsply Sirona's products and markets them as "half the cost."

35.     Edge Endo's marketing model is to make and advertise its products as compatible with, replacements for, or alternatives to Dentsply Sirona's products. Endo Edge offers its products at substantially lower, almost predatory prices. For example, Edge Endo operates a website at the domain name edgeendo.com and, on that website, it tells prospective customers that its imitation products "are to be used in the same way, using the same technique" as the Dentsply Sirona products and that "[t]his familiar sequence will ensure the switch to [Edge Endo products] will be seamless."

36.     Notably, upon information and belief, Edge Endo does not invest in marketing its endodontic products the same way that Dentsply Sirona does, using sales associates, advertising and clinical education. Instead, Edge Endo in large part uses only its website, online advertising and conferences to offer its imitation products. Quite simply, Edge Endo piggybacks off of the consumer recognition that Dentsply Sirona builds.

37.     Edge Endo has repeatedly gone beyond merely imitating products and has incorporated Dentsply Sirona's trademarks into its product names. Indeed, on two prior occasions, Dentsply Sirona has been forced to file trademark litigation to stop Edge Endo's trademark infringement. On both occasions, Edge Endo agreed not to proceed with its planned product names.

38.     In 2016, Edge Endo planned to release a product called "EdgePathFile" that incorporated Dentsply Sirona's trademark PathFile in its entirety, adding only "Edge" to the name. Dentsply Sirona was forced to file a complaint and seek an emergency temporary restraining order and preliminary injunction when it learned of the intended product launch days before the launch at a tradeshow. *Dentsply International Inc. v. Edge Endo, LLC,* Case No. 16-

cv-02492 (N.D. Ill. Feb. 22, 2016). In response, Edge Endo agreed to stop its planned release. *Id.* at Dkt. 14.

39.     In 2017, Edge Endo planned to release a product called "EdgeTaper Next" that incorporated Dentsply Sirona's trademark ProTaper Next trademark, again adding the "Edge" nomenclature to the name. Dentsply Sirona was again forced to file a complaint and seek an emergency preliminary injunction when it learned of the intended product launch weeks before the launch at a tradeshow. *Dentsply Sirona Inc. v. Edge Endo, LLC,* Case No. 17-cv-02845 (E.D. La. Apr. 4, 2017). In response, Edge Endo again agreed that "it will not now and will never introduce a product entitled either EdgeTaper Next™ or EdgeTaper X at the . . . tradeshow or at any other time or location." *Id.* at Dkt. 18 (Ex. 11).

40.     Unfortunately, Edge Endo has again crossed the line and is using Dentsply Sirona's trademarks in its product names.

> **B.     Edge Endo Plans to Launch Products Using Dentsply Sirona's Trademarks**

41.     Edge Endo has just begun advertising directly competitive products using names that incorporate Dentsply Sirona's trademarks. It claims that these products are "Coming June 2023" and upon information and belief, Edge Endo will market these products at the Chicago Dental Society Midwinter Meeting that will run February 23-25, 2023.

42.     Example promotional materials posted by Edge Endo on social media channels and on its website are attached as Exhibit 7, and include this example:



43.    Edge Endo's marketing demonstrates that it plans to introduce products used for an identical purpose, to compete with Dentsply Sirona's products, and will do so using product names that are nearly identical to Dentsply Sirona's trademarks, with the addition of a portion of Edge Endo's name—"Edge"—in front of Dentsply Sirona's mark (or evident amalgamations of Dentsply Sirona's trademarks) in an apparent attempt to create confusion between the products and the source of the products. Notably, Edge Endo has incorporated "Ultra" from Dentsply Sirona's Pro**Ultra** trademark into every one of these products as its new line is the "Edge **Ultra**" line.

44.    Together, the names **EdgeTaper Gold Ultra**, **EdgeNext Gold Ultra**, **EdgeOne Gold Ultra**, **EdgeOne MI Gold Ultra** and **EdgeUltimate Ultra** are referred to herein as the **Infringing Names**.

45.    Edge Endo has no necessary reason for using the terms **"Ultra"** "**One**" "**Next**" "**Gold**" or "**Ultimate.**" Instead, they are being used in an evident attempt to create confusion with the DS Trademarks.

46.     Edge Endo has simply added a portion of its name—"Edge"—in front of Dentsply Sirona's trademark (or evident amalgamations of the DS Trademarks) in a plain attempt to: (1) create confusion between the products and their source; (2) make a false implication of Dentsply Sirona's authorization or sponsorship of the "alternative" Edge Endo products when in fact Dentsply Sirona has no ability to control the quality of the Edge Endo products and has not authorized or endorsed the Edge Endo products; and (3) inconspicuously imply that Edge Endo's products are the equivalent to Dentsply Sirona's products whose trademarks they infringe.

47.     It is evident on the face of its website and marketing materials that Edge Endo is aware of Dentsply Sirona's existing trademark rights, which it clearly references, and that Edge Endo is using names that incorporate the DS Trademarks. *See* Ex. 7.

48.     Upon information and belief, Edge Endo's use of the DS Trademarks is expressly intended to create consumer confusion.

49.     Indeed, Edge Endo's use of the Infringing Names for directly competing products will naturally confuse and mislead customers seeking to purchase Dentsply Sirona's products.

50.     Edge Endo must not be permitted to erode Dentsply Sirona's goodwill in the marketplace by virtue of Edge Endo's unauthorized and infringing use of the DS Trademarks.

51.     Unless Edge Endo ceases its unauthorized, infringing, and intentionally confusing use of the DS Trademarks, customers will continue to be confused by Edge Endo's false and deceptive acts. Such confusion will allow Edge Endo to destroy and devalue the DS Trademarks, causing irreparable harm in the process. Dentsply Sirona's harm from losing control over the trademarks in which it has invested cannot be completely compensated monetarily.

<u>**COUNT I**</u>

<u>**(15 U.S.C. § 1114 – Infringement of Federally Registered Trademarks)**</u>

52.     Dentsply Sirona realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

53.     Dentsply Sirona owns and has rights to use the following federally registered trademarks (referred to herein as the "Dentsply Sirona Registered Trademarks"):

      a.  U.S. Trademark Registration No. 2,664,044 for the mark **PROTAPER** for use in connection with "Dental instruments and apparatus, namely files for use in the endodontic field." Ex. 2.

      b.  U.S. Trademark Registration No. 2,582,462 for the mark **PROULTRA** for use in connection with "Endodontic instruments, namely, tips for surgical and non-surgical uses of ultrasonics in endodontic procedures." Ex. 3.

      c.  U.S. Trademark Registration No. 4,064,570 for the mark **WAVEONE** for use in connection with "Endodontic apparatus." Ex. 4.

      d.  U.S. Trademark Registration No. 4,393,907 for the mark **PROTAPER NEXT** for use in connection with "Dental instruments, namely, files for use in the endodontic field." Ex. 5.

      e.  U.S. Trademark Registration No. 4,539,835 for the mark **PROTAPER GOLD** for use in connection with "Dental instruments, namely, dental root files used in root canal therapy procedures." Ex. 6.

54.     Dentsply Sirona's rights in the Dentsply Sirona Registered Trademarks predate Edge Endo's use of these trademarks.

55.     Edge Endo's use of the Infringing Names in connection with the sale, offering for sale, distribution and/or advertising of identical and competing products to those offered by

Dentsply Sirona is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32 of the Lanham Act, as amended, 15 U.S.C. § 1114.

56.     As a direct and proximate result of Edge Endo's unauthorized use of the Infringing Names, Dentsply Sirona has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation and goodwill.

57.     By using the Dentsply Sirona Registered Trademarks without Dentsply Sirona's approval or consent, and with knowledge of Dentsply Sirona's rights in its trademarks, Edge Endo has willfully infringed upon the rights of Dentsply Sirona, with intent to trade upon the goodwill associated with the Dentsply Sirona Registered Trademarks.

58.     Dentsply Sirona has been, is now and will continue to be irreparably harmed by Edge Endo's aforementioned wrongful acts, unless enjoined by this Court. There is no adequate remedy at law for the harm caused by the wrongful acts alleged herein.

59.     Edge Endo's acts set forth have been deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

60.     Wherefore, Dentsply Sirona prays for the relief requested below.

## COUNT II

### (15 U.S.C. § 1125(a) Unfair Competition Under Federal Law)

61.     Dentsply Sirona realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

62.     Edge Endo's use of the DS Trademarks in the Infringing Names is calculated to and is likely to cause confusion and deception.

63.     Edge Endo's use of the Infringing Names in connection with the sale, offering for sale, distribution or advertising of identical and competing products to those offered by Dentsply Sirona is likely to cause confusion, or to cause mistake, or to deceive, the consuming public,

which is likely to believe that Edge Endo is licensed, sponsored, authorized or in some way associated or connected with Dentsply Sirona, or that Dentsply Sirona is the source of the Edge Endo products.

64.    Edge Endo's acts set forth above constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a).

65.    Dentsply Sirona has been, is now and will be irreparably harmed by Edge Endo's aforementioned wrongful acts, unless enjoined by this Court. There is no adequate remedy at law for the harm caused by the wrongful acts alleged herein.

66.    Edge Endo's acts set forth have been deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

67.    Wherefore, Dentsply Sirona prays for the relief requested below.

<u>**COUNT III**</u>

**(815 ILCS 510/1 *et seq.* – <u>Violation of Illinois Uniform Deceptive Trade Practices Act</u>)**

68.    Dentsply Sirona realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

69.    Edge Endo has used and is using the Infringing Names in connection with the sale, offering for sale, distribution, promotion or advertising of its goods in commerce in such a manner as to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of its goods or services.

70.    As a direct and proximate result of Edge Endo's unauthorized use of the Dentsply Trademarks within Edge Endo's product names, Dentsply Sirona has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation and goodwill.

71.    By using the DS Trademarks within Edge Endo's product names without Dentsply Sirona's approval or consent, and with knowledge of Dentsply Sirona's rights in its

trademarks, Edge Endo has willfully infringed upon the rights of Dentsply Sirona, with intent to trade upon the goodwill associated with the DS Trademarks.

72.     Edge Endo's acts complained of herein thus violate the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.

73.     Dentsply Sirona has been, is now and will be irreparably harmed by Edge Endo's aforementioned wrongful acts, unless enjoined by this Court. There is no adequate remedy at law for the harm caused by the wrongful acts alleged herein.

74.     Wherefore, Dentsply Sirona prays for the relief requested below.

## COUNT IV

### (815 ILCS 505/1 *et seq*. – Violation of Illinois Consumer Fraud and Deceptive Business Practices Act)

75.     Dentsply Sirona realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

76.     Edge Endo's acts complained of herein violate the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

77.     Dentsply Sirona has been, is now and will be irreparably harmed by Edge Endo's aforementioned wrongful acts, unless enjoined by this Court. There is no adequate remedy at law for the harm caused by the wrongful acts alleged herein.

78.     Wherefore, Dentsply Sirona prays for the relief requested below.

## COUNT V

### (Common Law Trademark Infringement)

79.     Dentsply Sirona realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

80. Dentsply Sirona owns all rights, title and interest in and to the DS Trademarks, including all common law rights in such marks.

81. Edge Endo, without authorization from Dentsply Sirona, has used and is continuing to use spurious designations that are identical to, substantially indistinguishable from or confusingly similar to the DS Trademarks.

82. The foregoing acts of Edge Endo are intended to cause, have caused and will continue to cause confusion and mistake among consumers as to whether Edge Endo's products originate from, or are affiliated with, sponsored by or endorsed by Dentsply Sirona.

83. Edge Endo has acted with knowledge of Dentsply Sirona's ownership of the DS Trademarks and with the deliberate intention to unfairly benefit from the incalculable goodwill symbolized thereby.

84. Edge Endo's acts constitute trademark infringement in violation of the common law of the State of Illinois.

85. On information and belief, Edge Endo has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

86. On information and belief, Edge Endo intends to continue their infringing acts, unless restrained by this Court.

87. Edge Endo's acts have damaged and will continue to damage Dentsply Sirona, and they have no adequate remedy at law.

88. Wherefore, Dentsply Sirona prays for the relief requested below.

## **PRAYER FOR RELIEF**

WHEREFORE, Dentsply Sirona respectfully requests that this Court:

89. Enter judgment that Edge Endo has violated the Lanham Act, 15 U.S.C. § 1114 and 1125(a); the Deceptive Trade Practices Act 815 ILCS §§ 510/1, *et seq*.; and the Consumer

Fraud and Deceptive Business Practices, 815 ILCS §§ 505/1, *et seq*.; and the common law of Illinois.

90.     Enter judgment against Edge Endo that the above acts were willful and intentional, making this an exceptional case.

91.     Temporarily, preliminarily and permanently enjoin Edge Endo, and its officers, directors, agents, employees, attorneys, successors, and assigns, and all others in active concert or participation with any of them, from:

> a.   using the Infringing Names or any other trademark, service mark, name, logo, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to the DS Trademarks, or is likely to cause confusion, mistake, deception, or public misunderstanding between Edge Endo and Dentsply Sirona, or suggest that Edge Endo or its products are from, or authorized, sponsored or approved by, or in any way related to Dentsply Sirona;
>
> b.   representing that any products sold or services rendered by Edge Endo are associated with, sponsored by, and/or connected or affiliated with Dentsply Sirona, or from otherwise taking any action likely to cause confusion, mistake or deception on the part of purchasers as to the origin or sponsorship of Edge Endo's products;
>
> c.   otherwise continuing any and all acts of infringement, unfair competition, and deceptive trade practices as alleged in this Complaint; and
>
> d.   causing, engaging in or permitting others to do any of the aforesaid acts.

19

92.     Order Edge Endo to remove from the internet, including its website and social media, any advertising or promotion or other activities that use the Infringing Names.

93.     Order Edge Endo to recall and destroy any products or packaging that it has sold or distributed to others using the Infringing Names.

94.     Order Edge Endo to file with the Court and serve on counsel for Dentsply Sirona within 30 days after the entry of any permanent injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Edge Endo has complied with the injunction.

95.     Award Dentsply Sirona damages for the claims of this Complaint.

96.     Order Edge Endo to account for and disgorge to Dentsply Sirona all profits Edge Endo has secured by reason of the unlawful acts complained of herein.

97.     Treble damages resulting from Edge Endo's infringement and unfair competition under the Lanham Act in accordance with the provisions of 15 U.S.C. § 1117.

98.     Order Edge Endo to pay Dentsply Sirona's pre-judgment interest on all damages.

99.     Award Dentsply Sirona its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and any other applicable provision of law.

100.    Award Dentsply Sirona its costs of suit incurred herein.

101.    For any such other or further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Dentsply Sirona hereby demands a jury trial on all issues appropriately triable by a jury.

Dated: February 16, 2023                          Respectfully submitted,


                                        By:    */s/ Brent Hawkins*
                                               Brent Hawkins (lead counsel)
                                               Illinois Bar No. 6243086
                                               MORGAN, LEWIS & BOCKIUS LLP
                                               110 North Wacker Drive
                                               Chicago, IL 60606-1511
                                               Telephone:   (312) 324-1000
                                               Facsimile:    (312) 324-1001
                                               Brent.Hawkins@morganlewis.com

                                               Meaghan H. Kent (*pro hac vice forthcoming*)
                                               D.C. Bar No. 469582
                                               Kandis C. Gibson (*pro hac vice forthcoming*)
                                               D.C. Bar No. 988951
                                               MORGAN, LEWIS & BOCKIUS LLP
                                               1111 Pennsylvania Avenue, NW
                                               Washington, DC 20004
                                               Telephone:   (202) 739-3000
                                               Facsimile:    (202) 739-3001
                                               Meaghan.Kent@morganlewis.com
                                               Kandis.Gibson@morganlewis.com

                                               *Counsel for Plaintiff Dentsply Sirona Inc.*